In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND Relative to Acquiring Title to Certain Real Property in Said County for Highway Purposes for the Highway Known as the Suffern-Mt. Ivy County Highway No. 1448. FENTON SHERWOOD, Appellant; BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Respondent.— Appeal from judgment dismissed, without costs, on the ground that the appellant is not a party aggrieved thereby in its present form. The order discontinuing the proceeding as to defendant Sherwood is reversed on the law and the facts, with fifty dollars costs and disbursements, and the motion denied, with ten dollars costs, and the matter remitted to Special Term with leave to the petitioner to renew the motion for a severance of the property of this defendant from the proceeding and to discontinue as to him and proceed further as the parties may be advised. There was no sufficient authorization of the motion to discontinue this proceeding in which public rights were involved. The application should have been made by direct authority from the petitioner. As the matter stood at the time the motion was made, it was not the exercise of proper discretion, with the case fully tried and submitted for determination, to discontinue as to defendant Sherwood for the purpose of entering a default judgment against other defendants, when the regularity of the entire proceeding was open to serious question and had been challenged by this defend-

ant. The defendant had substantial rights and the proceeding could not have been discontinued except in violation thereof. In brief and argument we have been advised that a new proceeding in relation to this particular property is contemplated which is more favorable to the owner. Those facts should have been stated frankly to the court on the application for severance and discontinuance. The defendant is not justified in being obstructive if he receives fair compensation and if his rights are fully considered. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.